Jesse McCaffrey
959 Spruce St
Berkeley, CA. 94707
(510) 863-4559
jessesonic@gmail.com


Jesse McCaffrey, IN PRO PER


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION


| | |
|---|---|
| Jesse McCaffrey,<br><br>    Unsheltered Plaintiff/Petitioner<br><br>    v.<br><br>CITY OF RICHMOND as both a public entity and a corporate municipality; CITY OF RICHMOND POLICE DEPARTMENT; Darrell B. Wells, an individual; WELLSCO, INC., a California Corporation doing business as CERTIFIED TOWING; STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; STEVE GORDON, in his official capacity as DIRECTOR of the State of California Department of Motor Vehicles, and; DOES 1-100, in both their individual and official capacities,<br><br>    Defendants/Respondents | Case No. 3:25-cv-03568-WHO<br><br>(*Related Cases*: C24-01311 and N24-1027, Judge Danielle K. Douglas, Dept.18)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTIONS FOR LEAVE TO PERFORM EXPEDITED DISCOVERY with DISCOVERY REQUESTS attached as EXHIBIT A for defendants City of Richmond and City of Richmond Police Department, and EXHIBIT B for defendants Wellsco Inc. d.b.a. Certified Towing and Darrell B. Wells<br><br>Date:<br>Time:<br>Honorable William H. Orrick<br>Courtroom 2<br><br>Resv: |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTIONS FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY

**I.** INTRODUCTION

1. Plaintiff respectfully seeks leave to serve expedited discovery requests on defendants City of Richmond Police Department ("Police Dept."), City of Richmond ("City"), Wellsco Inc d.b.a. Certified Towing ("Certified Towing") and Darrell B. Wells in advance of the Rule 26(f) conference, pursuant to Federal Rule of Civil Procedure 26(d)(1).

2. Plaintiff seeks this limited discovery to determine the current status, custody, and condition of Plaintiff's impounded vehicle and its contents, and to identify the parties responsible for any loss or lien-related obstruction of registration.

**II.** LEGAL STANDARD

3. Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except… when authorized… by court order." Courts apply a "good cause" standard to determine whether early discovery is appropriate, [see: *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002)].

4. Good cause exists where the requests are narrowly tailored, where the requesting party faces irreparable or time-sensitive harm, and where the information sought is reasonably likely to lead to the preservation of rights or prevent prejudice, [see: *Apple Inc. v. Samsung Elecs. Co.,* 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011)].

5. Plaintiff has already incurred unrecoverable losses as a result of the lien, including a $350 insurance policy purchased in anticipation of retrieving the vehicle. Because the pending lien blocked the DMV from issuing registration, the policy went unused, illustrating the compounding financial hardship and futility Plaintiff faces absent immediate injunctive relief.

**III**. ARGUMENT

    A) **Good Cause Exists for Early Discovery from the Defendants**

6. Plaintiff's claims arise from the seizure and impoundment of a personal vehicle, which was also being used as a temporary shelter. A preliminary injunction was previously granted in state court,

barring sale or transfer of title during litigation. Plaintiff has since attempted to verify the vehicle's condition and retrieve irreplaceable personal belongings, but the Defendants have failed to provide any clarity.

    7.    In fact, the continued assertion of a lien on the vehicle is preventing the DMV from issuing the registration to Plaintiff, which further deprives Plaintiff of property and basic survival rights. Discovery is urgently needed to determine whether the vehicle still exists, whether it remains in the possession or under the control of defendant Certified Towing, and what documentation exists regarding its treatment.

**B)  The Requests Are Narrow, Targeted, and Essential**

    8.    Plaintiff seeks only a small number of targeted interrogatories and document requests, limited to records that are already in Defendants' possession or control. No depositions or burdensome discovery is requested. This is precisely the kind of limited and focused request contemplated under expedited discovery practice in the Ninth Circuit. [See: *Arista Records, LLC v. Does 1–43,* 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007)].

**C)  Plaintiff Will Suffer Prejudice Without This Discovery**

    9.    Plaintiff is indigent, unsheltered, and reliant on this vehicle for safety and transportation if needed. Time-sensitive access to evidence is essential not only to preserve rights but also to prevent spoliation and support a renewed motion for injunctive relief. The lack of clarity regarding the vehicle's condition and location is creating ongoing irreparable harm, and Plaintiff cannot reasonably proceed without this discovery.

**IV. CONCLUSION**

    10.    For these reasons, Plaintiff respectfully requests that the Court grant leave to serve the attached limited discovery requests on Defendants City of Richmond Police Department, City of Richmond, Certified Towing, and Darrell B Wells in advance of the Rule 26(f) conference, and any other relief the Court deems just and proper.

Respectfully submitted,  
Dated: July 15, 2025                                              Jesse McCaffrey, Plaintiff, In Pro Per

# EXHIBIT A

Jesse McCaffrey
959 Spruce St
Berkeley, CA. 94707
(510) 863-4559
jessesonic@gmail.com

Jesse McCaffrey, IN PRO PER

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Jesse McCaffrey,<br><br>　Unsheltered Plaintiff/Petitioner<br><br>　　　v.<br><br>CITY OF RICHMOND as both a public entity and a corporate municipality; CITY OF RICHMOND POLICE DEPARTMENT; Darrell B. Wells, an individual; WELLSCO, INC., a California Corporation doing business as CERTIFIED TOWING; STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; STEVE GORDON, in his official capacity as DIRECTOR of the State of California Department of Motor Vehicles, and; DOES 1-100, in both their individual and official capacities,<br><br>　Defendants/Respondents | Case No. 3:25-cv-03568-WHO<br><br>(*Related Cases*: C24-01311 and N24-1027, Judge Danielle K. Douglas, Dept.18)<br><br>REQUEST FOR DISCOVERY TO DEFENDANTS' CITY OF RICHMOND AND CITY OF RICHMOND POLICE DEPARTMENT<br><br>Date:<br>Time:<br>Honorable William H. Orrick<br>Courtroom 2<br><br>Resv: |

PLAINTIFF'S FIRST DISCOVERY REQUEST FOR
PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO
CITY OF RICHMOND AND CITY OF RICHMOND POLICE DEPARTMENT

**I - INTRODUCTION**

1. Pursuant to Federal Rule of Civil Procedure 34, Plaintiff hereby requests that the City of Richmond ("the City") and City of Richmond Police Department ("the Police Dept.") produce the records and/or documents, and tangible things for inspection as requested below.

2. Due to Plaintiff's indigency and homelessness, digital copies are preferred whenever available, and may be either sent via email, shared on Google Drive, or copied onto a portable USB drive provided by Plaintiff, and for items not available in a digital format Plaintiff will likely have to arrange to meet and make copies at a copy service such as Office Depot, or such other place as may be mutually agreed upon, within the timeframe ordered by the Court.

**II - DEFINITIONS**

3. The following definitions apply to these requests:

a) "DOCUMENT" or "DOCUMENTS" shall have the full meaning ascribed in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronically stored information (ESI).

b) "YOU" or "YOUR" refers to the City of Richmond and/or the City of Richmond Police Department, including your employees, agents, representatives, attorneys, and anyone acting on your behalf.

c) "COMMUNICATION" means any oral or written exchange of information, including emails, letters, text messages, voicemails, notes, or reports.

d) "VEHICLE" refers to the 1991 Ford E-350 camper van described in Plaintiff's complaint, (California license plate 8SUZ282, last four digits of VIN 35311), impounded on or about 4/10/2024.

e) "TOW" or "IMPOUND" refers to the seizure, removal, or storage of the vehicle identified above.

f) "LOSS" refers to the unavailability, disappearance, damage, or destruction of the vehicle or any personal property contained within or attached to the outside.

g) "THE CITY" refers to the City of Richmond.

h) "THE POLICE DEPT." refers to the City of Richmond Police Department.

**III - INSTRUCTIONS**

4. The time period for these requests is from 11/23/2023 to the present, unless otherwise specified.

5. These requests are continuing in nature, and you are required to supplement your responses if you locate additional responsive materials.

6. If you withhold any document under a claim of privilege, identify the document and the basis for the privilege asserted.

7. If any request is objected to, state the specific grounds for the objection and respond to the extent the request is not objectionable.

**IV - REQUESTS FOR PRODUCTION (RFPs)**

1. All contracts, memoranda of understanding, or service agreements between the City or its Police Dept. and Wellsco Inc. d.b.a. Certified Towing ("Certified Towing") from 2018 to present.

2. All documents, call logs, police reports, or other records related to Plaintiff's vehicle,(1991 Ford E350, VIN ending in 35311) including any complaints received as far back as 11/23/2023.

3. All communications (emails, letters, messages, internal memos) between the City and/or Police Dept and Certified Towing or Darrell B. Wells concerning Plaintiff's vehicle from 11/23/2023 to the present.

4. All documents referencing Plaintiff's written or verbal requests to preserve the vehicle and its contents, or that could reasonably be construed as such requests, through present.

5. All documents or internal records reflecting the current status, actions taken, and/or findings made, concerning the location, lien status, or disposition of the vehicle.

**V** - INTERROGATORIES

1. Identify each City employee or official who had knowledge of any communication from Plaintiff that may reasonably be construed as request(s) to preserve the vehicle or its contents, and the date each such person became aware of the request(s), which may include the officer Plaintiff spoke with during what he had believed was a tow hearing.

2. State all actions taken by the City or its Police Dept in response to Plaintiff's preservation requests.

3. State whether the City directed, authorized, or permitted Certified Towing to dispose of, enter, sell, move, or otherwise take action against the vehicle after Plaintiff filed the initial administrative claim.

4. State why you believe you would not be responsible for the preservation of a vehicle and/or its contents that you directed to be towed while the decision to initiate the tow was being disputed in court and your permission is required to be granted first in order for the owner to gain access to it and/or its contents.

5. State why a tow hearing was not scheduled or held for Plaintiff after he had made a verbal, in-person request for one

6. State the reason(s) why you either would or would not consider Plaintiff's vehicle and/or its contents to be a "homeless person's belongings" according to the Police Dept policies and procedures.

7. State if, at any point between 11/23/2023 and 4/11/2024, Officer Gonzales visually saw and/or read, documented, or made any record of, any hand-written notice posted in the window of Plaintiff's vehicle.

8. State if Officer Gonzales believed, had reason to believe, or considered it possible, that the vehicle was serving as a shelter for someone at the time she initiated the tow.

9. State whether you believe that the guidance provided by California's Community Caretaking Doctrine applies to any and all types of vehicle tows, or list the specific types of vehicle tows which you believe the Community Caretaking Doctrine either does or does not apply to.

10. State if Officer Gonzales and/or her immediate supervisors are certain that Plaintiff's vehicle could **not** have been moved back onto the residential driveway at 5626 Panama Ave without breaking a law.

11. State if information provided by a member of the public when submitting a complaint is taken as true for the purpose of Police Dept personnel tasked with issuing citations finding a requirement needed for issuing a citation had been met, (basing the citation on statements made in a public complaint taken as true).

Respectfully submitted, on this day,

the 10th of July, 2025        _____

Jesse McCaffrey, plaintiff/petitioner in pro per

# EXHIBIT B

Jesse McCaffrey
959 Spruce St
Berkeley, CA. 94707
(510) 863-4559
jessesonic@gmail.com

Jesse McCaffrey, IN PRO PER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Jesse McCaffrey, | Case No. 3:25-cv-03568-WHO |
| Unsheltered Plaintiff/Petitioner | (*Related Cases*: C24-01311 and N24-1027, Judge Danielle K. Douglas, Dept.18) |
| v. | |
| CITY OF RICHMOND as both a public entity and a corporate municipality; CITY OF RICHMOND POLICE DEPARTMENT; Darrell B. Wells, an individual; WELLSCO, INC., a California Corporation doing business as CERTIFIED TOWING; STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; STEVE GORDON, in his official capacity as DIRECTOR of the State of California Department of Motor Vehicles, and; DOES 1-100, in both their individual and official capacities, | REQUEST FOR DISCOVERY TO DEFENDANTS' WELLSCO INC. D.B.A. CERTIFIED TOWING AND DARRELL B. WELLS

Date:
Time:
Honorable William H. Orrick
Courtroom 2

Resv: |
| Defendants/Respondents | |

## PLAINTIFF'S FIRST DISCOVERY REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO WELLSCO INC d.b.a. CERTIFIED TOWING AND DARRELL B. WELLS

**I - INTRODUCTION**

1. Pursuant to Federal Rule of Civil Procedure 34, Plaintiff hereby requests that Wellsco Inc. d.b.a. Certified Towing and/or Darrell B. Wells produce the records/documents, and/or tangible things for inspection as requested below.

2. Due to Plaintiff's indigency and homelessness, digital copies are preferred whenever available, and may be either sent via email, shared on Google Drive, or copied onto a portable USB drive provided by Plaintiff, and for items not available in a digital format Plaintiff will likely have to arrange to meet and make copies at a copy service such as Office Depot, or such other place as may be mutually agreed upon, within the timeframe ordered by the Court.

3. The following definitions apply to these requests:

   a) "DOCUMENT" or "DOCUMENTS" shall have the full meaning ascribed in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronically stored information (ESI).

   b) "YOU" or "YOUR" refers to Certified Towing and/or Darrell B. Wells, including your employees, agents, representatives, attorneys, and anyone acting on your behalf.

   c) "COMMUNICATION" means any oral or written exchange of information, including emails, letters, text messages, voicemails, notes, or reports.

   d) "VEHICLE" refers to the 1991 Ford E-350 camper van described in Plaintiff's complaint, (California license plate 8SUZ282, last four digits of VIN 35311), impounded on or about 4/10/2024.

   e) "TOW" or "IMPOUND" refers to the seizure, removal, or storage of the vehicle identified above.

   f) "LOSS" refers to the unavailability, disappearance, damage, or destruction of the vehicle or any personal property contained within or attached to the vehicle.

   g) "THE CITY" refers to the City of Richmond.

   h) "THE POLICE DEPT." refers to the City of Richmond Police Department.

**II - INSTRUCTIONS**

4. The time period for these requests is from 4/9/2024 to the present, unless otherwise specified.

5. These requests are continuing in nature, and you are required to supplement your responses if you locate additional responsive materials.

6. If you withhold any document under a claim of privilege, identify the document and the basis for the privilege asserted.

7. If any request is objected to, state the specific grounds for the objection and respond to the extent the request is not objectionable.

**IV - REQUESTS FOR PRODUCTION (RFPs)**

1. All documents, photographs, records, reports, dispatch records, or digital images relating to Plaintiff's 1991 Ford E350, (VIN ending in 35311), from the time of impoundment (4/10/2024) to present.

2. All internal policies or procedures in effect at the time of the impound and up to present regarding the handling, storage, release, or disposal of impounded vehicles.

3. All agreements, contracts, or memoranda of understanding between the City and Certified Towing related to vehicle towing, storage, or lien enforcement.

4. All records of communication between You and the City concerning Plaintiff's vehicle, from 4/9/2024 to the present, including any requests made to the Richmond Police Department for permission to enter Plaintiff's vehicle.

5. All records/documents concerning any lien placed or attempted to be placed on Plaintiff's vehicle, including notices sent to the DMV, including any correspondence between Certified Towing, Darrell B. Wells, and the City or DMV relating to Plaintiff's vehicle.

6. All records/documents referencing Plaintiff's legal dispute, notices of litigation, or service of summons and complaint.

7. All communications between You and Plaintiff or Plaintiff's agents concerning the impound, storage, or retrieval of the vehicle.

8. All records/documents concerning any requests made by Plaintiff regarding the preservation, inspection, or retrieval of the vehicle or its contents.

9. All records/documents pertaining to any inventory or documentation of the contents within or attached to Plaintiff's vehicle including any photos taken of the vehicle or any personal items whether inside, attached, or removed from the vehicle.

10. All insurance claims, damage reports, or incident logs relating to the loss, theft, alteration, or disposal of Plaintiff's vehicle and/or its contents, including video and/or still images. pertaining to any incidents of security breach, theft, or vandalism at any vehicle storage facility where Plaintiff's vehicle was held since 4/10/2024.

11. All documents/records regarding the storage, movement, release, loss, or disposal of the vehicle, including but not limited to security logs or GPS location data of any vehicle transporter/carrier, and the current location or status of Plaintiff's vehicle.

**V - INTERROGATORIES**

1. Identify all employees or contractors who had access to or responsibility for Plaintiff's vehicle from the date of impoundment to the present.

2. State the last known location and condition of Plaintiff's vehicle and the date it was last seen or inventoried.

3. State whether Certified Towing still claims possession or legal interest in Plaintiff's vehicle, and if not, the date and circumstances under which it was transferred, lost, sold, or disposed of.

Respectfully submitted, on this day,

the 10th of July, 2025                    _____

                                                Jesse McCaffrey, plaintiff/petitioner in pro per