**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, 9th fl.**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**

HEATHER M. McKEON, ESQ.; STATE BAR NO.: 186414
Email: hmckeon@tharpe-howell.com
MICHAEL A. BUSTOS, ESQ.; STATE BAR NO.: 288603
Email: mbustos@tharpe-howell.com

Attorneys for Defendant,
WELLSCO, INC. *doing business as Certified Towing*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MCCAFFREY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND as both a public entity and a corporate municipality; CITY OF RICHMOND POLICE DEPARTMENT; SHASA CURL, in both her individual and official capacities; BISA FRENCH, in both her individual and official capacities; Darrell B. Wells, an individual; WELLSCO, INC., a California Corporation doing business as CERTIFIED TOWING; STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; STEVE GORDON, in his official capacity as DIRECTOR of the State of California Department of Motor Vehicles, and DOES 1-100, in both their individual and official capacities,<br><br>Defendants. | Case No. 3:25-cv-03568-SK<br>[Conta Costa County Superior Court Case No.: C24-01311]<br><br>Complaint Filed: May 20, 2024<br>Amended Complaint Filed: June 11, 2024<br><br>**SETTLEMENT CONFERENCE STATEMENT OF WELLSCO, INC., DOING BUSINESS AS CERTIFIED TOWING**<br><br>Magistrate Judge: Hon. Robert M. Illman<br><br>Date: September 10, 2025<br>Time: 1:00 p.m.<br><br>Via Zoom:<br>https://cand-uscourts.zoomgov.com/j/1612337128?pwd=TGkyOHBSSWc4ZnJ3aGk4YkxtYWpvZz09<br><br>Meeting ID: 161 233 7128<br>Passcode: 008888<br><br>Trial: None Set |

Defendant WELLSCO, INC., a California corporation doing business as CERTIFIED TOWING ("Defendant") respectfully submits the following settlement conference statement.

## I. RELEVANT FACTS

Plaintiff Jesse McCaffrey ("Plaintiff") is the owner of a white 1991 Ford E350 van with the license plate 8SUZ282 and vehicle identification number 1FTHSS4G3MHB35311 ("Vehicle"). The Vehicle's registration expired in April 2021.

Plaintiff had parked his unregistered vehicle on public street several times, and delegates of the City of Richmond ("City") had repeatedly provided him with warnings not to park his unregistered vehicle on public streets. Eventually, and on April 10, 2024, Traffic Enforcement Officer Gonzales caused the Vehicle, which was parked on a public street, to be towed and impounded pursuant to California *Veh. Code* § 22651(o), which allows a regularly employed and salaried employee who is engaged in directing traffic or enforcing parking laws and regulations of a city to remove a vehicle whenever such vehicle, "…is found…upon a highway [or] public land…[w]ith a registration expiration date in excess of six months before the date it is found or operated on the highway [or] public lands." Certified Towing towed the Vehicle and impounded the Vehicle at their vehicle storage lot. At the time it was towed, the Vehicle contained items belonging to Plaintiff.

According to Plaintiff, the same day his vehicle was towed, he went to the Richmond Police Department ("RPD") to request a tow hearing. An officer spoke with him, and he was told that his vehicle would not be released until he showed proof of current registration.

## II. PROCEDURAL HISTORY

Plaintiff initially filed this action in state court. The complaint was filed on April 10, 2024, against Darrell B. Wells; Wellsco, Inc. dba Certified Towing; City of Richmond Police Department; City of Richmond; Shasa Curl; Bisa French; State of California Department of Motor Vehicles; Steve Gordon as Director of the State of California Department of Motor Vehicles; and I-Lien. A First Amended Complaint ("FAC") was filed against all of the named defendants on June 11, 2024.. An Answer

was filed on July 25, 2024 on behalf of the California State Department of Motor Vehicles and its Director, Steve Gordon. A demurrer was filed against the FAC on August 19, 2024 on behalf of Defendants City of Richmond, City of Richmond Police Department, Shasa Curl, and Bisa French.

On November 4, 2024, the Court issued an order granting the demurrer without leave to amend since Plaintiff did not appear at the demurrer hearing.

Plaintiff subsequently filed a Motion for Reconsideration of the grant of the demurrer. His motion was partially successful in that the judge, on February 24, 2025, granted Plaintiff leave to amend his FAC to include denial of due process allegations. The Court, however, confirmed that the case against Shasa Curl and Bisa French was dismissed.

On March 26, 2025, Plaintiff filed his Second Amended Complaint ("SAC"), expanding on the constitutional challenges previously alleged in the FAC. Plaintiff claimed that Defendants violated his state and Federal civil rights pursuant to 42 U.S.C. §§ 1983 and 1988, *inter alia*. Among other things, Plaintiff asserted that there was a provision for having a hearing on the towing and impoundment of his vehicle, but he was not informed of that hearing. As a result, he claimed he was deprived of due process due to a lack of notice and an opportunity to be heard.

Our office filed an Answer on behalf of Wellsco, Inc. dba Certified Towing on April 15, 2025, and on April 24, 2025, Defendants City of Richmond and the City of Richmond Police Department filed a Notice of Removal, and the case was removed to the United States District Court for the Northern District of California, before the Honorable Sallie Kim.

On April 30, 2025, Defendants City of Richmond and the City of Richmond Police Department filed a FRCP Rule 12(b)(6) and 12f) Motion to Dismiss for Failure to State a Cause of Action on Which Relief may be Granted. On May 25, 2025, Plaintiff filed a Motion to Stay Proceedings, which was not noticed for a hearing, so that he could "learn all relevant court procedures." (Docket 15, at ¶ 9.). On June 5,

2025, Defendants filed a Response to Plaintiff's Motion to Stay Proceedings, arguing that Plaintiff was expected to abide by the rules and procedures of the court without seeking further delays to learn about such matters, and that it would be unduly prejudicial to the Defendants to keep litigating the pleadings stage of the proceedings – which has been going on for more than a year – without addressing the substantive issues. On June 5, 2025, Defendants concurrently filed a Motion to Dismiss the SAC on the grounds that it was untimely filed; exceeded the scope of the Superior Court's authorization to file an amended complaint; and failed to allege any facts which would establish liability under the holding in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

City Defendants filed a motion to dismiss, which was granted in part and denied in part. (Docket 21.) Plaintiff was provided until August 22, 2025, to file a third amended complaint, which he did not.[1] The Court has also denied Plaintiff's motions for preliminary injunction, which sought return of his Vehicle and the removal of the lien on the Vehicle.[2] (Docket. 34.)

### III.  CLAIMS AND DEFENSES

Plaintiff's second cause of action alleges a violation of his due process rights because defendants provided no notice (either prior to or following the impoundment of his Vehicle) and no hearing, as is required by California *Veh. Code* § 22852.

This Defendant, essentially joining in the City's arguments, concurs that to prevail on such a claim, Plaintiff must establish *Monell* liability, which he cannot. Section 1983 embraces a cause of action against a municipality only when, "…the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's

---

[1] Plaintiff filed an unnoticed administrative motion to extend time to file an amended complaint, which the City Defendants opposed. (Dockets 37, 39)  The Court has not ruled on this motion.

[2] Plaintiff has filed a motion for leave to file a motion for reconsideration of the Court's denial of the motion for preliminary injunction. (Docket 38)  The Court has not decided this motion or asked for the filing of additional papers as set forth under Civil Local Rule 7-9

- 4 -
SETTLEMENT CONFERENCE STATEMENT OF WELLSCO, INC., DOING BUSINESS AS CERTIFIED TOWING

officers," or implements or executes a less formal "governmental custom." *Monell v. Dept. of Soc. Servs. of City of New York,* 436 U.S. 658, 690-91 (1978). Plaintiff has thus far failed to provide any evidence of policies, practices, or customs of denying due process regarding vehicle towing that are, "…so permanent and well-settled as to constitute a custom or usage with the force of law." *Young v. City of Visalia,* 687 F.Supp.2d 1141, 1147 (E.D. Cal. 2009). Also, it is well-established that the City need not provide notice before towing an unregistered vehicle. The Ninth Circuit, in *Scofield v. City of Hillsborough,* recognized that a towing under California *Veh. Code* § 22651(o), like the one here, does not require pre-towing notice:

> [T]he governmental interest in towing unregistered vehicles is analogous to the governmental interest in towing illegally parked vehicles. By towing unregistered vehicles, the government removes these automobiles from the public streets, encourages owners to maintain automobile registration, and deters owners from violating state registration laws. If notice had to be given before a car with a year-old registration could be towed, it is likely the car would simply be driven away. This would not advance the governmental interest of getting the car registered. On the other hand, giving a pre-towing notice to the owner of an apparently abandoned vehicle encourages removal of the car from its place of repose, which is the governmental interest such a notice seeks to advance.

862 F.2d 759, 763-64 (9th Cir. 1988). Thus, there can be no due process violation based on the lack of pre-tow notice. And even if the City Defendants were found to have violated his procedural due process rights, Plaintiff is only entitled to nominal damages, not the waiver of any associated fines or charges or the unconditional return of the Vehicle. When, as here, the tow is proper because the vehicle was unregistered at the time of the tow, "no post-towing hearing would alter this fact." *Scofield v. City of Hillsborough,* 862 F.2d 759, 765. As such, even if Plaintiff's rights were violated because he did not receive the hearing, that makes him entitled to nominal damages, not return of his vehicle or relief from paying associated fines or charges. *Id.; see also Soffer v. City of Costa Mesa,* 798 F.2d 361, 362-363

(finding that even had due process requirements been satisfied in connection with the tow of the vehicle, the result of the hearing would have been the same, so that nominal damages of one dollar was appropriate).

## IV. SETTLEMENT POSITION

Notwithstanding the foregoing arguments, Plaintiff has claimed that his van is worth $8,000.00, and that he had property inside the van worth $32,000.00. However, to date and despite the good faith efforts of Tharpe & Howell (as counsel for Defendant's insurance carrier Berkshire Hathaway AmGUARD), Plaintiff has not been able to substantiate the value of the claimed items, nor indicate amenability to settle at some reasonable amount. And as noted by the City Defendants and given Plaintiff's "emotional attachment" to the Vehicle and its claimed contents, Plaintiff will likely seek return of the Vehicle as the only acceptable resolution.

This presents as something of a dilemma – the City Defendants cannot release the Vehicle to Plaintiff as long as the Vehicle remains unregistered. When a vehicle has been removed (i.e., towed) because its registration has been expired for more than six months, as Plaintiff's Vehicle was, the vehicle can be released, "…only after the owner or person furnishes the storing law enforcement agency with proof of current registration and a valid driver's license to operate the vehicle." (*Veh. Code* § 22651(o)(3)(A). The City Defendants are thus estopped from any settlement that seeks return of the Vehicle without proof of registration and a valid driver's license.

///
///
///
///
///
///
///
///

- 6 -
SETTLEMENT CONFERENCE STATEMENT OF WELLSCO, INC., DOING BUSINESS AS CERTIFIED TOWING

Further, the insured, Defendant Wellsco, is not yet ready to release the lien on the Vehicle. Accordingly, one option that could be explored is for Plaintiff to forego the return of the vehicle, allow Defendant Wellsco to sell it for scrap (or sim.) and for Plaintiff to accept a reasonable (and equitable) amount of money in settlement, notwithstanding his prior noncompliance with due vehicle registration requirements.

Dated:  September 8, 2025                    THARPE & HOWELL, LLP

By:_____
HEATHER M. MCKEON
MICHAEL A. BUSTOS
Attorneys for Defendant,
WELLSCO, INC.
*doing business as Certified Towing*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.
3. I served copies of the following documents (specify the exact title of each document served):

   **SETTLEMENT CONFERENCE STATEMENT OF DEFENDANT WELLSCO, INC., DOING BUSINESS AS CERTIFIED TOWING**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Jesse McCaffrey<br>959 Spruce Street<br>Berkeley, CA 94707<br>Telephone: (510) 863-4559<br>jessesonic@gmail.com | Plaintiff in Pro Per |
| David J. Aleshire, City Attorney<br>Shannon L. Moore, Chief Assis. City Attorney<br>Kimberly Y. Chin, Senior Assis. City Attorney<br>CITY OF RICHMOND<br>City Attorney's Office<br>450 Civic Center Plaza<br>Richmond, CA 94804-1630<br>Tel: 510-620-6509<br>Fax: 510-620-6518<br>Shannon_Moore@ci.richmond.ca.us<br>Kimberly_Chin@ci.richmond.ca.us<br>Ivania_Navarrete@ci.richmond.ca.us | Attorneys for Defendants<br>CITY OF RICHMOND,<br>CITY OF RICHMOND POLICE DEPARTMENT,<br>SHASA CURL,<br>BISA FRENCH |
| Magistrate Judge Robert M. Illman<br>United Stated District Court, Northern District of California<br>Eureka Division<br>Eureka-McKinleyville Courthouse3140 Boeing Ave.<br>McKinleyville, CA 95519<br>RMIsettlement@cand.uscourts.gov<br>SETTLEMENT CONFERENCE MAGISTRATE JUDGE | |

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

5. a. ___ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. ___ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

  (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

  (2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e. **X** **By e-mail or electronic transmission.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

- 9 -
SETTLEMENT CONFERENCE STATEMENT OF WELLSCO, INC., DOING BUSINESS AS CERTIFIED TOWING

[ x ]   (FEDERAL):   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| 9-9-25 | Martha Gallegos | *Martha Gallegos* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\35000-000\35687\Pleadings\Federal\Wellsco Sett Conf Stmt.docx