UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE MCCAFFREY,

Plaintiff,

v.

CITY OF RICHMOND, et al.,

Defendants.

Case No. 25-cv-03568-WHO

**ORDER GRANTING EXPEDITED RELIEF**

Pro se plaintiff Jesse McCaffrey requested expedited relief regarding a discovery dispute with defendant Wellsco, Inc. Dkt. No. 77. He attached wholly inadequate discovery responses from Wellsco dated April 9, 2026, and a meet and confer email he wrote on April 28, 2026, to which Wellsco did not respond. *Id.* at 14-20, 24-25. Wellsco's excuse that the meet and confer email went to other lawyers in the defendant's firm is no excuse at all, and blaming McCaffrey for not meeting and conferring when Wellsco did not respond to his April 28 email is laughable. Relying on technical excuses like the number of subparts or overbreadth in the interrogatories to fail to provide obviously material information or responses to an unrepresented party falls far short of reasonable conduct in discovery. I will not tolerate this sort of discovery gamesmanship.

Stonewalling discovery, particularly when the other party is not represented, falls far short of the ethical responsibilities of counsel. Wellsco's failure to produce obviously material documents threatens to delay the case schedule I set on September 23, 2025. Dkt. No. 47. Wellsco's General Objections are unhelpful boilerplate, and its statement that it has not finished its investigation of the facts is either false or evidence of a lack of diligence. Accordingly, I will require Wellsco to answer certain interrogatories **and** produce documents as set forth below.

No later than **May 26, 2026**, Wellsco shall:

United States District Court
Northern District of California

1.  Respond fully to Interrogatory 1.

2.  Produce all documents, photographs, videos, incident reports, communications, insurance claims, internal records, or other materials related to the two events identified in Interrogatory 1.

3.  Identify all persons involved in the two events, as requested in Interrogatory No. 6.

4.  Provide a narrative description of the events explaining how and why Wellsco did or failed to do the things described in its response to Interrogatory 1.

5.  Describe the condition and disposition of plaintiff's van and its contents following the event.

I will extend the fact discovery cutoff concerning Wellsco only to **July 3, 2026**, in the event that plaintiff wishes to follow up on any of Wellsco's responses.

I view discovery as a procedure to seek the truth about the claims and defenses in a lawsuit. It requires collaboration and cooperation. I expect Wellsco and its attorneys to conduct itself and themselves in a professional manner going forward. I do not like to impose monetary sanctions but I will if necessary. If there are future discovery disputes, the parties shall meet and confer promptly and raise the issue with the court in a joint letter as required by my Standing Order on Civil Cases if it cannot be resolved.

**IT IS SO ORDERED.**

Dated: May 19, 2026

William H. Orrick
United States District Judge