UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MCCAFFREY, Plaintiff, v. CITY OF RICHMOND, et al., Defendants. | Case No. 25-cv-03568-WHO **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Jesse McCaffrey, who is representing himself, brings this action under 42 U.S.C. § 1983 and California state law against defendants the City of Richmond, the City of Richmond Police Department, Richmond City Manager Shasa Curl, Richmond Police Chief Bisa French (the "City defendants") and Wellsco Inc. d/b/a Certified Towing and Darrell B. Wells, the CFO of Wellsco, Inc. (the "Wellsco defendants").[1] The City defendants move for summary judgment on the only remaining cause of action against them in this matter, McCaffrey's second cause of action for violations of his due process rights. There is no evidence that McCaffrey's alleged due process violation occurred as a result of a policy or practice by the City. The City defendants' motion for summary judgment is GRANTED.

## BACKGROUND

### I. Factual Background

The general factual background of this matter is set out in my prior order on the motion to dismiss and I will not repeat it here. *See* Order on Motion to Dismiss ("Order") [Dkt. No. 21]. The relevant evidence put forth by both parties in response to this motion is as follows:

[1] McCaffrey also brought this matter originally against the California Department of Motor Vehicles and its director who were not timely served and are no longer a part of this matter.

United States District Court
Northern District of California

On April 10, 2024, Richmond Parking Enforcement Officer Tiara Gonzales "responded to a complaint of an abandoned vehicle at or near 5657 Panama Avenue in Richmond, California." Declaration of Tiara Gonzales ("Gonzales Decl.") [Dkt. No. 82-1] ¶ 6. This vehicle, a white Ford van with license plate 8SUZ282, had previously received two notices that it was parked illegally and that its registration was out of date—one from Gonzales in January 2024 and one from a colleague in February 2024. *Id.* ¶¶ 3-4; Exs. A-B, Gonzales Decl. Gonzales then "caused the vehicle to be towed under California Vehicle Code section 22651(o)." Gonzales Decl. ¶ 6. She filed reports in connection with the incident that indicated the car had been reported abandoned and was towed because the registration had been expired for more than six months. Exs. E-F, Gonzales Decl.

"[I]t is the custom and practice of [Richmond Police Department] Records personnel to mail a 'Impound 126 Mailer' to owners of towed vehicles within 48 hours . . . of the date of the tow." Declaration of Norma Contreras ("Contreras Decl.") [Dkt. No. 82-4] ¶ 2. An "Impound 126 mailer" consists of a "Vehicle Report" (CHP 180) and a "Notice of Stored Vehicle" (CHP 180S). *Id.* Gonzales's report states that Police Records Specialist Veronica Rojero sent an "Impound 126 mailer" to McCaffrey after his vehicle was towed. Gonzales Decl. ¶ 8. Gonzales attached a copy of the "Vehicle Report" sent as part of this "Impound 126 mailer" to her declaration. Ex. G, Gonzales Decl. Richmond Police Department is not in possession of the "Notice of Stored Vehicle" sent to McCaffrey because they did not make a copy of this form. Contreras Decl. ¶ 6.

McCaffrey asserts that he did not receive the "Notice of Stored Vehicle." Declaration of Jesse McCaffrey ("McCaffrey Decl.") ¶ 14. Despite not receiving this notice, he went the same day to the Richmond Police Department and requested a tow hearing. *Id.* ¶ 23. He spoke with an officer who informed him that the vehicle could not be released until the registration was current. Ex. D, Declaration of Kimberly Y. Chin ("Chin Decl.") [Dkt. No. 82-2]. McCaffrey states that he never received any follow up on the hearing. McCaffrey Decl. ¶¶ 24-27.

## II. Procedural Background

My order on the motion to dismiss summarized in detail the procedural background of this

matter. I will briefly highlight the relevant procedural points below.

On June 23, 2025, I granted the City defendants' motion to dismiss on all but one of McCaffrey's claims against them. *See* Order. For several of the dismissed claims, I granted leave to amend and initially provided nearly two months for McCaffrey to amend the complaint. Order at 19. After granting further extension of time and staying the case briefly for settlement, I gave McCaffrey a final deadline for filing an amended complaint in December 2025. Dkt. No. 61. McCaffrey did not comply with this deadline. Accordingly, I determined that no more extensions were warranted and clarified that all that remained in the case were the second cause of action against the City defendants and the fourth, fifth, sixth, and ninth causes of action against the Wellsco defendants. Dkt. No. 63*; see also* Dkt. No. 68. I noted that defendants the California Department of Motor Vehicles and its director had not been served and were no longer in the case. *Id.*

The City defendants now move for summary judgment on McCaffrey's second cause of action. Motion for Summary Judgment ("MSJ") [Dkt. No. 82]. After McCaffrey failed to file a timely opposition to this motion, I issued an order to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 85. McCaffrey at first ignored my order to show cause and instead filed a motion for leave to seek reconsideration of my denial of his request to still file an amended complaint. Motion for Leave to File Motion to Reconsider Denial of Relief to File TAC ("TAC Mot.") [Dkt. No. 87]. Finally, on August 3, 2026, several days after the show cause deadline, McCaffrey filed an opposition to the motion for summary judgment. Opposition to the Motion for Summary Judgment ("Oppo.") [Dkt. No. 89]. In view of McCaffrey's *pro se* status, I accepted the late-filed opposition. The City defendants filed a reply. Reply ISO Motion for Summary Judgment ("Reply") [Dkt. No. 93]. I held a hearing on August 26, 2026.

## LEGAL STANDARD

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the

non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id.* The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986).

On summary judgment, the Court draws all reasonable factual inferences in favor of the non-movant. *Id.* at 255. In deciding a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* However, conclusory and speculative testimony does not raise genuine issues of fact and is insufficient to defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

The only remaining cause of action against the City defendants is the second cause of action for violation of his due process rights. In my prior order, I allowed this claim to proceed because McCaffrey had adequately pleaded a *Monell* claim against the City defendants for violation of his due process rights. Order at 9-10. I concluded that—while McCaffrey had not sufficiently pleaded facts demonstrating that the City had an official policy or that the constitutional violation was the result of the decision of a final policymaker—he had sufficiently pleaded the existence of a long-standing practice or custom by the City to seize vehicles without notice. *Id.* I further determined that, as McCaffrey had sufficiently pleaded *Monell* liability, his allegations that the City failed to provide him notice or a hearing after the towing as required stated a claim for violation of his due process rights. *Id.* at 12-13.

At summary judgment, the City defendants[2] now assert that the undisputed facts do not

[2] The City defendants also argue that Curl and French should be dismissed from this action because McCaffrey has asserted no facts suggesting their personal liability and it is redundant to have them in the lawsuit in their official capacities where the City is already a party to the suit. McCaffrey does not appear to contest that the complaint contains no specific allegations against Curl and French in their personal capacities. The City defendants' motion for summary judgment as to Curl and French is GRANTED.

support a pattern or practice of towing vehicles without notice. MSJ at 10-11. They contend that McCaffrey has provided no evidence supporting this practice other than the facts of his own circumstances. The City defendants further assert that the facts show they did mail McCaffrey a notice as required and that he had an opportunity to be heard because he spoke to an officer at Richmond Police Department about the tow and was told it could not be released until it was registered. *Id.* at 13-14.

In reply, McCaffrey contends that there are several genuine disputes of material fact that preclude summary judgment. He states that there is a dispute whether he received adequate notice in the mail as he asserts that he only received one of two required documents. Oppo. at 8-9. He contends that there is a dispute whether he requested a hearing because he affirms that he made such a request although the City records do not reflect this. *Id.* at 9-10. And finally, he argues that the way in which the process took place—incorrect designation of his vehicle as abandoned, failure to send both required notice documents, failure to provide a hearing after he requested it—raises a question whether this is a systemic problem, not "one employee's act." *Id.* at 11-15.

I conclude that McCaffrey has adequately identified disputes of material fact related to the sufficiency of the process he received. There is an open question whether he received both components of the Impound 126 mailer. There is further a question whether he actually requested a tow hearing and whether his conversation with the officer at the station provided sufficient opportunity to be heard. Many of these questions involve credibility determinations that are better left to the factfinder. McCaffrey has raised sufficient disputes as to the *substance* of his due process claim.

McCaffrey, however, must also show that his alleged due process violations occurred as a result of the City's own policy or practice under *Monell*. There is no genuine dispute of fact on the appropriateness of *Monell* liability, based on this record. That it is the City's official policy to provide a tow hearing is not disputed. Other than his own interactions with the Richmond Police Department, McCaffrey has introduced no evidence suggesting that the failure of the Richmond Police Department to provide him with a formal tow hearing was part of a pattern or practice of incidents rather than a lack of diligence on the part of the employee with whom he interacted. *See*

*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). That McCaffrey may not have received a document and that he was not provided with a tow hearing, without more, does not reasonably raise a question whether there was a pattern or practice of such violations by the City. McCaffrey fails to establish a genuine dispute of material fact that the City had a custom of towing and impounding private vehicles without notice.

**CONCLUSION**

For the reasons set forth above, the City defendants' motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: September 14, 2026

William H. Orrick
United States District Judge